MATHIEW RAE FOX,

                Plaintiff,

                                              Case No. 26-cv-0772-bhl

      v.

JUDGE HEATHER IVERSON, et al,

                Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS

On April 30, 2026, Plaintiff Mathiew Rae Fox, proceeding *pro se*, filed a complaint against a number of defendants who were involved in a state court custody dispute: Judge Heather Iverson, Attorney Thomas Anderson Jr., Sarah Ann Fox (Sarah Ann), and Hollie Elizabeth White.[1] (ECF No. 1.) Fox's complaint arises from a state court contempt order entered against him in that custody dispute. *See In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty Case No. 2021FA000047, https://wcca.wicourts.gov/ (last visited July 15, 2026). Defendant Sarah Ann is the children's mother and was awarded custody of the children, Defendant Anderson is Sarah Ann's lawyer, Defendant Iverson is the presiding Judge who issued the contempt order, and Defendant White was a hearing witness. (ECF No. 1 ¶¶18–40.) Fox is also the defendant in a criminal case that charges him with, among other things, stalking White. *Wisconsin v. Fox*, Kenosha Cnty. Case No. 2025CF001639, https://wcca.wicourts.gov/ (last visited July 15, 2026).

Fox's allegations concern a contempt order that Judge Iverson entered against him in the custody proceeding. *See In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty Case No. 2021FA000047; (ECF No. 1). Fox challenged the contempt order in state court, but the order was affirmed by the Wisconsin Court of Appeals. *Sarah Ann Fox v. Mathiew Rae Fox*, 2025AP002229, https://wscca.wicourts.gov/ (last visited July 15, 2026). Fox also petitioned the

---

[1] Fox also filed a very similar case against many of the same defendants on May 5, 2026. *See Fox v. Smathers*, No. 26-cv-0797-BHL, ECF No. 1 (E. D. Wis. May 5, 2026).

Wisconsin Supreme Court for a supervisory writ, and that request was denied. *Mathiew Fox v. Cir. Ct. for Kenosha Cnty.*, 2026AP000586, https://wscca.wicourts.gov/ (last visited July 15, 2026). Against that background, Fox's complaint attempts to raise a claim for declaratory relief and three claims for damages under 42 U.S.C. §1983, all related to the entry of the contempt order. (ECF No. 1 ¶¶168–210.)

Pending before the Court are a series of procedural motions. Judge Iverson has filed a motion to dismiss, raising issues of judicial immunity, the *Rooker-Feldman* doctrine, *Younger* abstention, sovereign and qualified immunity, and the domestic relations exception to federal jurisdiction. (ECF Nos. 17 & 18.) White also seeks dismissal based on similar arguments and further noting that she is a private actor who cannot be liable under Section 1983. (ECF No. 25.) Anderson and Sarah Ann also note that they are private actors, who cannot be liable under Section 1983, and that Fox's complaint acknowledges that fact. (ECF Nos. 12 & 19.) Fox has also filed a series of other motions requesting various forms of relief. (ECF Nos. 2, 23, 27, 29, & 30.)

Because the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over Fox's case, the Court will dismiss the complaint without prejudice, and without leave to amend. Further, because the Court suspects Fox filed this case for an improper purpose, the Court will order Fox to show cause in writing why he should not be sanctioned for violating Federal Rule of Civil Procedure 11. Finally, the Court will deny Fox's motion to establish a service procedure as moot, (ECF No. 27), and deny his motions for e-filing privileges, to strike or dismiss Sarah Ann's answer on the merits, and to file a sur-reply and supplement (ECF Nos. 2, 23, 29, & 30).

## FACTUAL ALLEGATIONS

Fox is a Wisconsin resident and the father of two children. (ECF No. 1 at 8.) Sarah Ann, the children's mother, has custody over them. (*Id.* at 9.) These parties have litigated their divorce and child custody arrangement in *In re the Marriage of Sarah Ann Fox & Mathiew Rae Fox*, Kenosha Cnty. Case No. 2021FA000047. In that case, Judge Iverson issued an order that prohibited the parties from sharing information about the case or the children on social media. (ECF No. 1 at 11.) On June 2, 2025, Sarah Ann filed a motion to hold Fox in contempt, because Fox had made posts concerning the custody case on social media and had also attempted to deliver gifts to one of the children at her school, which was not permitted under the parties' existing custody order. (*Id.* at 12.) White saw Fox's social media posts and brought them to the attention of Sarah Ann and her lawyer (Anderson) through an email. (*Id.* at 16–17.) On June 11, 2025,

Judge Iverson held a hearing on Sarah Ann's contempt motion at which Anderson appeared for Sarah Ann. (*Id.* at 17–18.)

After the hearing, Judge Iverson held Fox in contempt for disregarding her order and posting information about the children and custody case and ordered him to pay Sarah Ann's attorneys' fees. (*Id.*) The contempt order required Fox to remove any content relating to the case or children from social media and the internet. (*Id.* at 17.) It also forbade Fox from visiting the children's school, or any location where the children would be, outside of his supervised visitation. (*Id.* at 18.) Judge Iverson also "imposed a 180-day jail sentence, stayed with purge conditions." (*Id.* at 17.)

Fox later filed a motion for clarification of the contempt order's terms, and to dismiss the contempt order, in the trial court. (*Id.* at 21–22.) These motions were denied. *See In re the Marriage of Sarah Ann Fox and Mathiew Rae Fox*, Kenosha Cnty Case No. 2021FA000047. Fox then appealed the contempt order to the Wisconsin Court of Appeals but his appeal was rejected and the lower court's ruling affirmed. (*Id.* at 23.) Fox also filed a petition for review in the Wisconsin Supreme Court. (*Id.*)

## LEGAL STANDARD

Rule 12(b)(1) allows a court to dismiss a case for a "lack of subject-matter jurisdiction." When the complaint shows that there is no basis for federal jurisdiction, the claims should be dismissed without prejudice. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004). The Court lacks federal jurisdiction if the *Rooker-Feldman* doctrine applies. *Id.* at 438. The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over cases brought by "state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The doctrine imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021)). The doctrine exists because lower federal courts do not have appellate authority over state courts. *Id.* (quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Mains*, 852 F.3d at 675 (citing *Sykes*, 837 F.3d at 742). The doctrine further bars review of claims that are

"inextricable intertwined" with the state court's judgment. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983). Accordingly, claims in which a federal plaintiff complains of an injury caused by a state-court judgment and seeks review and rejection of the state court judgment are barred. *Mains*, 852 F.3d at 675; *Hadzi-Tanovic*, 62 F.4th at 399; *T.M. v. Univ. of MD Med. Sys. Corp.*, 608 U.S. ___, 146 S. Ct. 1739, 1747–48 (2026). Only where the plaintiff's alleged injury is entirely "independent" of the state court judgment does *Rooker-Feldman* not bar federal court jurisdiction. *Hadzi-Tanovic*, 62 F.4th at 399 (citing *Andrade*, 9 F.4th at 950). *Rooker-Feldman* applies when the federal plaintiff had a reasonable opportunity to raise the federal issue in the state court proceedings. *Id.*

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of a case for "failure to state a claim upon which relief can be granted." When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). Whether a complaint or an individual claim fails to state a claim is a decision on the merits, and thus a dismissal may be with or without prejudice. *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 336 (7th Cir. 2015).

## ANALYSIS

**I.      Fox's Claims Will Be Dismissed Without Prejudice Because This Court Does Not Have Jurisdiction Under the *Rooker-Feldman* Doctrine.**

Fox attempts to bring four claims. (ECF No. 1 at 24–29.) Count I is a claim brought under 42 U.S.C. §1983 for "First Amendment Retaliation and Petitioning Burden," brought against Sarah Ann, Anderson, and White for initiating "contempt machinery." (*Id.* at 24–26.) Count II is a Section 1983 claim for a Fourteenth Amendment violation, related to the "contempt sanction" brought against Judge Iverson and "against private defendants if state action is proven." (*Id.* at 26–27.) Count III is another Section 1983 claim alleging that Judge Iverson violated Fox's Fourteenth Amendment right to familial association, which Fox also attempts to bring "against private defendants if state action is proven." (*Id.* at 27–28.) In Count IV, Fox seeks a "declaration" that the specific terms of his contempt order were invalid. (*Id.* at 28–29.) All of these claims are barred by the *Rooker-Feldman* doctrine, and the Court does not have jurisdiction to hear them. The Court will therefore dismiss Fox's complaint without prejudice, and without leave to amend.

**A. Count I Is Barred by the *Rooker-Feldman* Doctrine Because Fox's Injury Was Caused by the State Court Contempt Order.**

In Count I, Fox attempts to sue three private actors, Sarah Ann, Anderson, and White, under Section 1983 for violating his First Amendment Rights. (ECF No. 1 at 24–26.) The Court is barred from hearing this claim under *Rooker-Feldman* because Fox alleges he was injured by a state court civil order holding him in contempt, and he now seeks review and rejection of that order in this court. The conduct he identifies as underlying this claim is related to Sarah Ann's actions in seeking the contempt order, Anderson's conduct representing Sarah Ann in relation to the custody case, and White's limited role in reporting his violation of the state court's earlier order. (*Id.*) Fox's claimed injury is that the contempt order was entered against him and caused adverse consequences. (*Id.* at 25.) Because *Rooker-Feldman* applies to claims that allege injury caused by a state court judgment, his claim implicates the doctrine. *Mains*, 852 F.3d at 675; *Hadzi-Tanovic*, 62 F.4th at 399; *Homola v. McNamara*, 59 F.3d 647, 649–50 (7th Cir. 1995) (plaintiff who sued defendants who enforced a state court's contempt order against him could not bring Section 1983 claims in federal court due to *Rooker-Feldman*).

As discussed above, lower federal courts do not have appellate jurisdiction over state courts. *Hadzi-Tanovic*, 62 F.4th at 399. In this case, the state court contempt order was entered before Fox filed this suit, and Fox had the opportunity to challenge the contempt order in state court and raise the federal issue there. *See id.* The Wisconsin Court of Appeals has affirmed the state court contempt order. (ECF No. 1 at 23.) While Fox has a pending petition for review in the Wisconsin Supreme Court, this does not affect the application of the Rooker-Feldman doctrine. In *T.M. v. Univ. of MD Med. Sys. Corp.*, the Supreme Court reaffirmed that the doctrine applies equally to state court judgments that are subject to further review in state court proceedings. 146 S. Ct. at 1743–44. In *T.M.*, the Court clarified that, although the first cases establishing the *Rooker-Feldman* doctrine arose from unsuccessful litigants challenging decisions made by state supreme courts, the Court's reasoning in those cases did not suggest that the outcome would have been any different had the state court judgment been pending on appeal. *Id.* at 1749–51. Fox's claim must therefore be dismissed without prejudice for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1).

Even if Fox's alleged injury was found to be independent from the state court contempt order, Fox's claim would still fail because he has failed to allege state action. "To state a claim

for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Defendants Anderson, Sarah Fox, and White all correctly observe that they are not state actors and cannot be sued under Section 1983. (ECF No. 12 at 2; ECF No. 19 at 2; ECF No. 25 at 5.) Fox even identifies these defendants as private individuals and does not allege any facts that could support a finding that they were acting under color of state law.

Fox cites *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), to argue that the private individual defendants invoked state power by filing a motion for contempt. (ECF No. 1 at 25.) *Dennis* does not support his argument. In *Dennis*, the plaintiffs, mining companies that had been enjoined, filed a complaint alleging that the judge who issued the injunction had been bribed by other private actors, and that those private actors were acting under color of state law because they were part of an unlawful conspiracy with a state actor. 449 U.S. at 25–28. The Court recognized that private persons "jointly engaged with state officials in the challenged action" act under color of law for the purpose of Section 1983 actions. *Id.* at 27–28. But the Court also reiterated that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge" who decides the case. *Id.* at 28. Fox makes no allegations of any conduct like bribery or conspiracy, merely that these individual private defendants "jointly invoked, shaped, supplied, or participated in the use of state contempt machinery[.]" (ECF No. 1 at 25.) That is just a redundant way to describe litigation. If it did not already fail for lack of jurisdiction, this claim would also fail because these parties are not state actors and cannot be liable under Section 1983.

### B. Count II is Barred by *Rooker-Feldman* Because It Directly Challenges the State Court Contempt Order.

Fox attempts to bring a Fourteenth Amendment procedural due process claim under Section 1983 because he believes the contempt order entered against him was too broad. (ECF No. 1 at 26–27.) This claim fails because the *Rooker-Feldman* doctrine precludes federal district courts from reviewing final state court civil judgments, like this contempt order. Here, Fox simply attempts to directly challenge the contempt order as invalid. *Mains*, 852 F.3d at 675 (citing *Sykes*, 837 F.3d at 742) ("Claims that directly seek to set aside a state-court judgment are *de facto* appeals

that trigger the doctrine.").  As discussed above, Fox challenged the contempt order in state court, and the Wisconsin Court of Appeals affirmed the trial court's order.  This claim must be dismissed without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).[2]

### C. Count III is Barred by Rooker-Feldman Because Fox's Injury Was Caused by the State Court Contempt Order.

Fox next attempts to bring a Fourteenth Amendment substantive due process claim under Section 1983 against Judge Iverson, for an "ongoing irreparable parent-child access injury" and "against private defendants if state action is proven."  (ECF No. 1 at 27–28.) This claim is foreclosed by *Hadzi-Tanovic.*  In *Hadzi-Tanovic*, the Seventh Circuit explained that an "alleged loss of familial association is not an injury independent of the state court judgment." 62 F.4th at 401.  When "the plaintiff's injury is 'effectuated' by the state court judgment, the *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction."  *Id.* (citing *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)).  Fox is simply challenging the restrictions the state court imposed on his behavior through its contempt order.  This claim must also be dismissed without prejudice for lack of jurisdiction, because Fox's injury was effectuated by the orders issued by the state court in his custody case.  *See* Fed. R. Civ. P. 12(b)(1); *see also Hadzi-Tanovic*, 62 F.4th at 401.

This claim is also legally flawed and, even if Fox's alleged injury was found to be independent from the state court contempt order, his claim would still fail for other reasons.  Judge Iverson enjoys the privilege of absolute immunity.  *See Ford*, 466 N.W.2d 650 (1991).  And the domestic relations exception to federal jurisdiction would also bar the Court from hearing this claim.  "The exception covers a 'narrow range of domestic relations issues involving the granting of divorce, decrees of alimony,' and child custody orders." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)).  As Judge Iverson notes, Fox is attempting to insert the Court into his state court child custody dispute.  (ECF No. 18 at 4.) The Court lacks jurisdiction over domestic relations issues, like child custody.  Fox also attempts to tack on the private actor defendants, but his complaint does not allege any way that these private actors could be considered state actors.

---

[2] While this claim must be dismissed because the Court lacks jurisdiction, Judge Iverson also has absolute judicial immunity from civil suits for her judicial acts.  *See Ford v. Kenosha Cnty.*, 466 N.W.2d 646, 650 (1991) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978)).

**D. Count IV is Barred by *Rooker-Feldman* Because It Directly Challenges the State Court Contempt Order.**

Finally, Fox seeks a declaratory judgment that some conditions of the contempt order entered against him were invalid. (ECF No. 1 at 28–29.) This claim must also be dismissed because Fox is attempting to directly challenge a state court judgment. *Mains*, 852 F.3d at 675 (citing *Sykes*, 837 F.3d at 742). Fox asserts that "declaratory relief was unavailable or functionally unavailable because he repeatedly sought clarification, vacatur, and correction in state court." (*Id.* at 28.) But his own allegations confirm the many times he challenged the state court contempt order based on its scope and conditions. This claim will also be dismissed without prejudice for lack of jurisdiction.

**II. Fox Must Show Cause Why He Should Not Be Sanctioned For Filing A Complaint For An Improper Purpose.**

Every submission to the Court is a representation certifying that it "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law[.]" Fed. R. Civ. P. 11(b)(1)–(2). Fox's claims are not viable, as Fox himself seems to recognize. His complaint includes multiple attempts to hedge his claims as *not* challenging the state court's ruling and *not* suing defendants who cannot be held liable for the actions he describes. (*See e.g.* ECF No. 1 at 7, 8–11.)

Also problematic is that Fox has shown a pattern of filing cases attacking the defendants in an attempt to intimidate or retaliate against them. He has filed another substantially similar case against many of the same defendants, including Sarah Ann, Anderson, White, and Judge Iverson, also related to his child custody proceedings, on May 5, 2026. *See Fox v. Smathers*, No. 26-cv-0797-BHL, ECF No. 1 (E. D. Wis. May 5, 2026). And, as stated above, Fox has been charged with stalking White in Kenosha County Circuit Court, and that criminal case is ongoing. The circumstances suggest that Fox may be trying to use this Court's authority to exact revenge against parties and individuals involved in cases he has previously lost. If so, he is engaging in litigation for an improper purpose. The Court therefore will order Fox to show cause in writing and under penalty of perjury why he should not be sanctioned for violating Rule 11 by filing a complaint for an improper purpose and without any nonfrivolous argument in support of his claims. Fox must submit his explanation in writing to the Court within **fourteen (14) days** of this order.

### III. Fox's Various Other Motions Will Be Denied.

Fox's other procedural motions will be denied for a variety of reasons. (ECF Nos. 2, 23, 27, 29, & 30.) Fox has requested permission to file documents electronically through the Court's electronic filing system. (ECF No. 2.) General Local Rule 5(a)(2) exempts *pro se* parties from the district's electronic filing requirements. The district's policies and procedures regarding e-filing also state that *pro se* parties "cannot file electronically unless authorized by the court." United States District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(a)(1), available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system. This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 11-cv-467-pp, 2022 WL 1692062, at *1–2 (E.D. Wis. May 26, 2022). Fox has not established any extraordinary circumstances here, and his motion for e-filing privileges will be denied.

Fox's motion to dismiss or strike Sarah Ann's counterclaim and request for costs will be denied. (ECF No. 23.) Motions to strike are generally disfavored, because they typically "serve only to delay" and should only be granted if they "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Although labeled as "response and counterclaim," Sarah Ann's answer does not in fact include any counterclaims against Fox. It merely points out that his claims against her should be dismissed because she is not a state actor. (ECF No. 19 at 3.) As this does not raise a counterclaim, there is no counterclaim for the Court to dismiss and Fox's motion is misplaced. Sarah Ann also requests, in her answer, that the Court grant "a contribution towards the cost related to the defense of this action." (*Id.*) Sarah Ann may be able to recover costs she incurred in responding to the complaint. The Court will therefore deny Fox's motion to strike or dismiss Sarah Ann's answer.

Further, Fox's motion for leave to file a sur-reply to Iverson's reply brief and motion for leave to file a supplement to that sur-reply will also be denied. (ECF Nos. 29 & 30.) There are no new issues or arguments raised for the first time in Iverson's reply brief, and, accordingly, there is no reason to grant Fox two additional opportunities to respond. *See Physicians HealthSource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 968–69 (7th Cir. 2020) (citing *Dr. Robert L. Meinders, D.C. Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015)).

Fox's motion to establish a service procedure is unnecessary and will be denied as moot. Fox filed this motion because there are two no contact orders in place barring him from mailing documents to Sarah Ann and White. (ECF No. 27.) Because his claims are being dismissed, there is no need to serve additional documents, like discovery requests, on these defendants. The Court Clerk will provide copies of his response to the Court's show cause order, and any additional filings related to potential later sanctions, to those parties. Fox may simply mail his responses to the Court.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant Iverson and Defendant White's Motions to Dismiss, ECF Nos. 17 and 25, are **GRANTED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice, and without leave to amend**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to e-File, ECF No. 2, Motion to Dismiss or Strike Defendant Sarah Fox's Counterclaims, ECF No. 23, Motion for Leave to File Sur-Reply, ECF No. 29, and Motion for Leave to File Supplement, ECF No. 30, are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Establish Service Procedure, ECF No. 27, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing by July 29, 2026, explaining why he should not be sanctioned for violating Rule 11.

Dated at Milwaukee, Wisconsin on July 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge